## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO ANTONIO ORTIZ-FLORES | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. _____ |
| vs. | : |
| | : |
| CONSTRUCTION APPLICATORS | : |
| PHILADELPHIA, L&W SUPPLY, JOHN and | : Removed from the Superior Court |
| JANE DOES 1-10, ABC CORPORATIONS | : of New Jersey, Law Division: |
| 1-10 | : Middlesex County, Civil case No:. MID- |
| Defendants. | : L-000179-25 |
| | : |
| | : |

### NOTICE OF REMOVAL

TO: CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendant, L&W Supply Corporation ("L&W" or "Defendant"), by and through its undersigned counsel, hereby gives notice of its removal of the case styled *Marco Antonio Ortiz-Flores v. Construction Applicators Philadelphia, L&W Supply, John and Jane Does 1-10, ABC Corporations 1-10*, originally filed in the Superior Court of New Jersey, Law Division, Middlesex County at Case No. MID-L-000197-25, to the United States District Court for the District of New Jersey. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. §1441 because the properly served Defendant satisfies the procedural requirements for removal under 28 U.S.C. §1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a). In support thereof, L&W avers as follows:

## THE STATE COURT ACTION

1.      On January 10, 2025, Plaintiff, Marco Antonio Ortiz-Flores ("Plaintiff") filed a civil action against, *inter alia,* L&W in the Superior Court of New Jersey, Law Division, Middlesex County, styled *Marco Antonio Ortiz-Flores v. Construction Applicators Philadelphia, L&W Supply, John and Jane Does 1-10, ABC Corporations 1-10,* case number MID-L-000197-25 (the "State Court Action").   A true and correct copy of the Complaint filed in the State Court Action is attached hereto as part of **Exhibit A**.

2.      On January 13, 2025, Plaintiff filed an Amended Complaint ("Amended Complaint"), a true and correct copy of which is attached hereto as **Exhibit B**.

3.      Upon information and belief, the Amended Complaint contained no substantive changes from the original complaint and was filed to address an administrative error. *See* Docket for State Court Action, attached hereto as **Exhibit C**[1].

4.      The Amended Complaint asserts one claim of negligence against all Defendants regarding a workplace injury that allegedly occurred on or around January 13, 2023, in Saddie Circle, Union County, New Jersey, when Plaintiff, who was working as a laborer, allegedly suffered bodily injury after a pile of sheet rock sheets that were "leaning up on a wall fell on him." *See* Ex. B at ¶¶ 1,6.

5.      Plaintiff claims to have suffered "severe, painful, disabling, and permanent injuries to his body, which injuries necessitated his obtaining medical treatment, compelled and shall in the future compel [him] to expend large sums of money for medical care and attention, as well as

---

[1] **Exhibit C** to this Notice of Removal includes "a copy of all process, pleadings, and orders served" on Defendant. *See* 28 U.S.C. §1446(a).

endure great physical and emotional pain, suffering, disability, stress anxiety, depression, inconvenience, and distress." *Id*. at ¶10.

6.     Plaintiff further claims economic damages and seeks reimbursement for legal costs, attorney's fees, and interest. *Id*.

7.     L&W was formally served with a copy of the Summons and Complaint in the State Court Action on January 21, 2025 (Plaintiff has yet to file an affidavit of service). *See* Ex. C. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. §1446.

## DIVERSITY JURISDICTION

8.     Under 28 U.S.C. §1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

9.     This action satisfies the complete diversity requirement of 28 U.S.C. §1332(a)(1).

10.     Plaintiff's Amended Complaint declares that Plaintiff is a citizen of New Jersey residing at 12 Jersey Avenue in the City of New Brunswick, County of Middlesex, State of New Jersey 089010. *See* Ex. B at ¶ 1.

11.     A corporation is a citizen of the state in which it is incorporated and in which it maintains its principle place of business.  28 U.S.C. §1332(c)(1).

12.     L&W is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Chicago, Illinois.  L&W is therefore deemed to be a citizen of both Delaware and Illinois.

13.     Upon information and belief, Construction Applicators Philadelphia ("CAP") is an improperly named defendant because it is not a legally-existing entity currently or at the time of

Plaintiff's alleged incident, and therefore should not be considered in the Court's assessment of diversity of citizenship and/or removal.[2] (28 U.S.C. §§1332, 1441).

14.    For diversity of citizenship purposes, this Court is required to disregard the citizenship of the John and Jane Doe(s) 1-10 and ABC Corporations 1-10 Defendants sued here under fictitious names. *See* 28 U.S.C. §1441(b)(1).

15.    Complete diversity exists here, because Plaintiff is a citizen of the State of New Jersey, and L&W, the only legally-existing / non-fictitious Defendant, is a citizen of Delaware and Illinois. *See* 28 U.S.C. §§1332(a)(1), 1441 and 1446.

16.    Venue is proper in the District of New Jersey under 28 U.S.C. §1391(b)(2), because the Superior Court of New Jersey, Middlesex County, is within the vicinage of the District of New Jersey, and because all or a substantial part of the events giving rise to this cause of action, including the alleged injury, occurred within the District of New Jersey. *See* Ex. B at ¶¶ 1,6.

17.    This action also satisfies the amount in controversy requirement of 28 U.S.C. §1332(a), because diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]"

18.    The sum demanded in the Amended Complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. §1146(c)(2)(A)(ii).

---

[2] Upon information and belief, CAP was dissolved by the Pennsylvania Department of State Bureau of Corporations and Charitable Organizations on December 20, 2017. *See* Certificate of Dissolution attached hereto as **Exhibit D**. Because CAP was dissolved approximately five (5) years prior to Plaintiff's alleged incident, it was/is not a legal entity. As such, it is a "fictitious entity" that should not be considered by the Court for diversity of citizenship purposes. (28 U.S.C. §§1332, 1441(b)(1)).

19.     Here, despite Plaintiff not requesting a specific sum in the Amended Complaint, it is clear that a thorough reading of the facts and damages requested in Plaintiff's Amended Complaint reveal that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(a).  *See Penn v. Wal-Mart Stores, Inc.,* 116 F. Supp. 2d 557, 561 (D.N.J. 2000) ("Where the complaint is 'open-ended' and does not allege a specified amount, the district court should perform its 'own independent appraisal of the value of the claim.'" . . . "The court should conduct '[a] reasonable reading of the value of the rights being litigated' and not focus on 'the low end of an open-ended claim.'") (internal citations omitted).

20.     Specifically, Plaintiff alleges that he suffered "severe, painful, disabling, and permanent injuries to his body, which injuries necessitated his obtaining medical treatment, compelled and shall in the future compel [him] to expend large sums of money for medical care and attention, as well as endure great physical and emotional pain, suffering, disability, stress anxiety, depression, inconvenience, and distress." *Id.* at ¶10.

21.     Plaintiff also alleges economic damages and seeks recover for, *inter alia*, attorney's fees and legal costs. *Id.*

22.     Based on Plaintiff's allegations in the Amended Complaint, it is therefore averred that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See generally, Carroll v. United Air Lines, Inc.,* 7 F. Supp. 2d 516, 522 (D.N.J. 1998) ("courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue") (internal citations omitted).

## **REMOVAL JURISDICTION**

23.     This action is properly removed pursuant to 28 U.S.C. §§1441 and 1446.

24.     This Court has original jurisdiction over this action under 28 U.S.C. §1332(a)(1). L&W may remove the State Court Action pursuant to 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

25.     Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Middlesex County.   The District of New Jersey is the judicial district embracing Middlesex County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed.   *See* 28 U.S.C. §§1441(a), 1446(a).

26.     Under §1446(b), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.   *See* 28 U.S.C. §1446(b).

27.     Plaintiff effectuated legal service of the Amended Complaint on L&W on January 21, 2025 (Plaintiff has not filed Affidavit of Service).   *See* Ex. C.

28.     L&W is filing this notice within thirty (30) days of service of the Amended Complaint pursuant to 28 U.S.C. §1446(b).   Therefore, this removal is timely because thirty (30) days have not elapsed from the date of service of the Amended Complaint.

29.     For the reasons discussed in Paragraph 13, it is believed that CAP is an improperly named Defendant in that it was legally dissolved in 2017, several years prior to the date of Plaintiff's alleged injuries.

30.     Furthermore, as of the time of this filing, there is no indication on that docket that CAP has been served with the Amended Complaint, nor has any counsel entered on behalf of CAP. *See* Ex. C.

31.     Pursuant to 28 U.S.C. §1446(a), L&W is simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Superior Court of New Jersey, Law Division, Middlesex County in this removed action.

32.     Additionally, L&W is filing a copy of this notice of removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County. *See* 28 U.S.C. §1446(d).

33.     L&W reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**WHEREFORE**, L&W hereby removes this action now pending against it in the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**COZEN O'CONNOR**

Dated: February 18, 2025

By: /s/ *Andrea E. Hammel*
Andrea E. Hammel, Esq.
New Jersey Bar # 026862006
Thomas S. Finnegan, Esq.
New Jersey Bar # 363162021
1010 Kings Highway South
Cherry Hill, NJ 08034
856-901-5000 (tel)
856-910-5075 (fax)
ahammel@cozen.com
*Attorneys for Defendant,*
*L&W Supply Corporation*

## CERTIFICATE OF SERVICE

I certify that the foregoing Notice of Removal was served on the following counsel of

record on February 18, 2025 via the Court's ECF website:

**Law Office of Hector I Rodriquez**
Hector I. Rodriquez-Attorney ID: 020851982
353 Livingston Avenue
New Brunswick; NJ 08901
Phone: (732)-828-1495
Email: hir@hirlaw.org
Attorney for Plaintiff, Marco Antonio Ortiz-Flores


/s/ Andrea E. Hammel
Andrea E. Hammel, Esq.

# Exhibit "A"

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-000179-25

**Case Caption:** ANTONIO ORTIZ-FLORES MARCO  VS
CONSTRUCTION APPLI

**Case Initiation Date:** 01/10/2025

**Attorney Name:** HECTOR I RODRIGUEZ

**Firm Name:** HECTOR RODRIGUEZ

**Address:** 353 LIVINGSTON AVENUE
NEW BRUNSWICK NJ 08901

**Phone:** 7328281333

**Name of Party:** PLAINTIFF : ANTONIO ORTIZ-FLORES,
MARCO

**Name of Defendant's Primary Insurance Company**
**(if known):** None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** MARCO ANTONIO ORTIZ-FLORES? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/10/2025
Dated

/s/ HECTOR I RODRIGUEZ
Signed

**LAW OFFICE OF HECTOR I RODRIGUEZ**
HECTOR I. RODRIGUEZ-Attorney ID:020851982
353 Livingston Avenue
NewBrunswick; NJ 08901
Phone:(732) 828-1333
Fax: (732) 828-1495
Email: hir@hirlaw.org
*Attorney for Plaintiff, Marco Antonio Ortiz-Flores*

| | |
|---|---|
| MARCO ANTONIO ORTIZ-FLORES <br><br> Plaintiff, <br><br> vs. <br><br> CONSTRUCTION APPLICATORS PHILADELPHIA, L & W SUPPLY, JOHN and JANE DOES 1-10, ABC CORPORATIONS 1-10 <br><br> Defendant | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MIDDLESEX COUNTY <br> DOCKET NO.: <br><br> CIVIL ACTION <br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, **Marco Antonio** residing at 12 Jersey Avenue in the City of New Brunswick, County of Middlesex and State of New Jersey, by way of Complaint against the Defendant, **Construction Applicators Philadelphia,** whose address is 1948 Main Avenue, Conshohoken, Pennsylvania and against Defendant, **L & W Supply,** whose address is 660 Ramsey Avenue, in the Town of Hillside, County of Union and State of New Jersey says:

## FIRST COUNT

1.    On or about January 13, 2023, the Plaintiff, Marco Antonio Ortiz-Flores employed as a construction laborer for Blue Contractor Corp. was working at the premises located at 100 Sadie Circle, Union, New Jersey, was caused to be injured as a result of the negligence of the Defendants, Construction Applicators Philadelphia and L & W Supply

2.    At all times relevant to the matter set forth herein, Defendant, **Construction Applicators Philadelphia as the general contractor,** owned, supervised or leased and/or managed the

construction work located at 100 Sadie Circle, Union, **New Jersey**, known as the "premises."

3.    At all times relevant to the matter set forth herein, Defendant, **L & W Supply** was the supplier of the materials, stored, specifically sheet rock and used at the premises owned, by Defendant, Construction Applicators Philadelphia

4.    At all times mentioned herein and prior thereto, the Defendants, **JOHN DOES (1-10),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at **829 Cleveland Street, Elizabeth, New Jersey,** together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

5.    At all times mentioned herein and prior thereto, the Defendants, **ABC CORPORATIONS (1-10),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at 1948 Main Avenue, Conshohoken, Pennsylvania, together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

6.    On or about **January 13, 2023,** Plaintiff Marco Antonio Ortiz-Flores, was working as a laborer at **100 Sadie Circle, Union, New Jersey**, when a pile of sheet rock sheets that were leaning up on a wall fell on him while he was at work, which Defendants, L & W Supply delivered and negligently stacked at the premises. The dangerous and defective condition of the premises at which Plaintiff was injured, existed at the time of this incident,

had existed for an appreciable time, and constituted an unreasonable risk of harm to the Plaintiff, by any means and no warning or caution signs were posted at any place on the premises or elsewhere respecting the dangerous and defective condition.

7.    The dangerous and defective condition constituted a nuisance with respect to members at the work place, including Plaintiff, lawfully working in the area.

8.    At all times mentioned herein and prior thereto, the Defendants had a duty to individuals, including Plaintiff, to operate, supervise, and maintain the premises, in a reasonable, safe condition for the use of individuals working at the said premises.

9.    At the same time and place, the Defendants, Construction Applicators Philadelphia by and through themselves, their agents, servants, and employees were careless, reckless and negligent in that they:

a.    Failed to properly stack, construct, operated, control, manage, inspect, maintain, clean and/or supervise the aforesaid premises, their hallways, stairs, aisle(s), sidewalks, walkways, passageways;

b.    Failed to properly stack, construct, operated, control, manage, inspect, clean, and/or supervise the aforesaid premises, within the premises in conformity with the Basic National Building Code, National Bureau of Standards, or the NFIPA Life Safety Code;

c.    Failed to keep; the premises, in a reasonably safe condition;

d.    Failed to exercise reasonable care for the safety of the Plaintiff;

e.    Allowed a dangerous nuisance to exist on the premises;

f.    Failed to provide proper supervision to Plaintiff while lawfully on the premises;

g.    Were otherwise careless and/or negligent.

10.     As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff was caused to sustain severe, painful, disabling, and permanent injuries to his body, which injuries necessitated his obtaining medical treatment, compelled and shall in the future compel his to expend large sums of money for medical care and attention, as well as endure great physical and emotional pain, suffering, disability, stress, anxiety, depression, inconvenience, and distress; he is prevented from pursuing and enjoying his usual family activities, attending to his duties and chores, and from assuming employment; his earning power has been materially and adversely affected; and he was otherwise damaged.

**WHEREFORE,** Plaintiff, **Marco Antonio Ortiz-Flores,** hereby demands judgment against the Defendants, Construction Applicators Philadelphia, L & W Supply, **JOHN AND JANE DOES 1-10, and ABC CORPORATION 1-10,** jointly, individually and/or severally for injuries, medical bills, damages, interest, attorney fees, cost of suit and such other further relief as the court deems just and appropriate.

Dated: January 10, 2025          LAW OFFICE OF HECTOR I. RODRIGUEZ

By:_____

HECTOR I. RODRIGUEZ, ESQ.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that **HECTOR I. RODRIGUEZ, ESQ.** is hereby designated as trial counsel on behalf of the Plaintiff in the within matter pursuant to Rule 4:25-4.

### DEMAND FOR PLEADING DISCOVERY

**TAKE NOTICE THAT** the undersigned  attorney, counsel for the Plaintiff, hereby demands pursuant to Rules 1:5-l(A), 4:17-1, 4:17-4(C, that each party herein provide any and all such pleadings and answered to interrogatories received from any party including any documents, papers and other material referred to herein, upon the undersigned attorney, and answer form C and form C(2) Interrogatories of  Appendix II of the N.J rules of the court; and **TAKE NOTICE** this demands is continuing.

### DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b) state whether there are any insurance agreement or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

Attached a copy of each insurance policy or in the alternative state:

a.  Name and address or insurer;
b.  Policy name;
c.  Date of inception and expiration of coverage;
d.  Names and addresses of all persons insured thereunder;
e.  Name and address of person who has custody and possession of policy.

## JURY DEMAND

The Plaintiff, **GABRIEL ARIAS,** hereby demands a trial by jury on all the triable issues of this complaint., pursuant to Rule31:8-2(B) and Rule 4:35-1(A).

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1 I hereby certify that to the best of my knowledge. The above captioned matter is not the subject of any other pending action in any Court or of a pending arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated by the plaintiff. Other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.

## CERTIFICATION PURSUANT TOR. 1:38-7

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7.

Dated: January 10, 2025

LAW OFFICE OF HECTOR I. RODRIGUEZ

By:_____
   HECTOR I. RODRIGUEZ, ESQ.

# Exhibit "B"

**LAW OFFICE OF HECTOR I RODRIGUEZ**
HECTOR I. RODRIGUEZ-Attorney ID:020851982
353 Livingston Avenue
New Brunswick; NJ 08901
Phone:(732) 828-1333
Fax: (732) 828-1495
Email: hir@hirlaw.org
*Attorney for Plaintiff, Marco Antonio Ortiz-Flores*

| | |
|---|---|
| MARCO ANTONIO ORTIZ-FLORES<br><br>Plaintiff,<br><br>vs.<br><br>CONSTRUCTION APPLICATORS PHILADELPHIA, L & W SUPPLY, JOHN and JANE DOES 1-10, ABC CORPORATIONS 1-10<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-000179-25<br><br>CIVIL ACTION<br><br>**AMENDED**<br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, **Marco Antonio** residing at 12 Jersey Avenue in the City of New Brunswick, County of Middlesex and State of New Jersey, by way of Complaint against the Defendant, **Construction Applicators Philadelphia**, whose address is 1948 Main Avenue, Conshohocken, Pennsylvania and against Defendant, **L & W Supply**, whose address is 660 Ramsey Avenue, in the Town of Hillside, County of Union and State of New Jersey says:

## FIRST COUNT

1. On or about January 13, 2023, the Plaintiff, Marco Antonio Ortiz-Flores employed as a construction laborer for Blue Contractor Corp. was working at the premises located at 100 Sadie Circle, Union, New Jersey, was caused to be injured as a result of the negligence of the Defendants, Construction Applicators Philadelphia and L & W Supply.

2. At all times relevant to the matter set forth herein, Defendant, **Construction Applicators Philadelphia as the general contractor,** owned, supervised or leased and/or managed the

construction work located at 100 Sadie Circle, Union, **New Jersey**, known as the "premises."

3.    At all times relevant to the matter set forth herein, Defendant, **L & W Supply** was the supplier of the materials, specifically sheet rock stored and used at the premises worked, leased and/or supervised, managed, owned, by Defendant, Construction Applicators Philadelphia.

4.    At all times mentioned herein and prior thereto, the Defendants, **JOHN DOES (1-10),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at **100 Sadie Circle, Union, New Jersey**, together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

5.    At all times mentioned herein and prior thereto, the Defendants, **ABC CORPORATIONS (1-10),** are fictional defendants designated as other corporations, partnerships, proprietorship. or other business entities responsible, individually and/or jointly or severally, or by their agents, servants and/or employees, for the ownership, design, construction, repair, operation, control, management, inspection, maintenance, and/or supervision of the aforesaid property located at 1948 Main Avenue, Conshohoken, Pennsylvania, together with its aisle(s), stairs, sidewalks, walkways, passageways and appurtenances thereto.

6.    On or about **January 13, 2023**, Plaintiff Marco Antonio Ortiz-Flores, was working as a laborer at **100 Sadie Circle, Union, New Jersey**, when a pile of sheet rock sheets that were leaning up on a wall fell on him while he was at work, which Defendants, L & W Supply delivered and negligently stacked at the premises. The dangerous and defective condition of the premises at which Plaintiff was injured, existed at the time of this incident, had existed for an appreciable time, and constituted an unreasonable risk of harm to the Plaintiff, by any means and no warning or caution signs were posted at any place on the premises or elsewhere respecting the dangerous and defective condition.

7.     The dangerous and defective condition constituted a nuisance with respect to members at the work place, including Plaintiff, lawfully working in the area.

8.     At all times mentioned herein and prior thereto, the Defendants had a duty to individuals, including Plaintiff, to operate, supervise, and maintain the premises, in a reasonable, safe condition for the use of individuals working at the said premises.

9.     At the same time and place, the Defendants, Construction Applicators Philadelphia by and through themselves, their agents, servants, and employees were careless, reckless and negligent in that they:

     a.   Failed to properly stack, construct, operated, control, manage, inspect, maintain, clean and/or supervise the aforesaid premises, their hallways, stairs, aisle(s), sidewalks, walkways, passageways;

     b.   Failed to properly stack, construct, operated, control, manage, inspect, clean, and/or supervise the aforesaid premises, within the premises in conformity with the Basic National Building Code, National Bureau of Standards, or the NFIPA Life Safety Code;

     c.   Failed to keep; the premises, in a reasonably safe condition;

     d.   Failed to exercise reasonable care for the safety of the Plaintiff;

     e.   Allowed a dangerous nuisance to exist on the premises;

     f.   Failed to provide proper supervision to Plaintiff while lawfully on the premises;

     g.   Were otherwise careless and/or negligent.

10.   As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff was caused to sustain severe, painful, disabling, and permanent injuries to his body, which injuries necessitated his obtaining medical treatment, compelled and shall in the future compel his to expend large sums of money for medical care and attention, as well as endure great physical and emotional pain, suffering, disability, stress, anxiety, depression, inconvenience, and distress; he is prevented from pursuing and enjoying his usual family activities, attending to his duties and chores, and from assuming employment; his earning power has been materially and adversely affected; and he was otherwise damaged.

**WHEREFORE,** Plaintiff, **Marco Antonio Ortiz-Flores,** hereby demands judgment against the Defendants, Construction Applicators Philadelphia, L & W Supply, **JOHN AND JANE DOES 1-10, and ABC CORPORATION 1-10,** jointly, individually and/or severally for injuries, medical bills, damages, interest, attorney fees, cost of suit and such other further relief as the court deems just and appropriate.

Dated: January 13, 2025                    LAW OFFICE OF HECTOR I. RODRIGUEZ



                                           By:_____
                                              HECTOR I. RODRIGUEZ, ESQ.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that **HECTOR I. RODRIGUEZ, ESQ.** is hereby designated as trial counsel on behalf of the Plaintiff in the within matter pursuant to Rule 4:25-4.

## DEMAND FOR PLEADING DISCOVERY

**TAKE NOTICE THAT** the undersigned attorney, counsel for the Plaintiff, hereby demands pursuant to Rules 1:5-l(A), 4:17-1, 4:17-4(C, that each party herein provide any and all such pleadings and answered to interrogatories received from any party including any documents, papers and other material referred to herein, upon the undersigned attorney, and answer form C and form C(2) Interrogatories of Appendix II of the N.J rules of the court; and **TAKE NOTICE** this demands is continuing.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b) state whether there are any insurance agreement or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

Attached a copy of each insurance policy or in the alternative state:

    a.  Name and address or insurer;
    b.  Policy name;
    c.  Date of inception and expiration of coverage;
    d.  Names and addresses of all persons insured thereunder;
    e.  Name and address of person who has custody and possession of policy.

## JURY DEMAND

The Plaintiff, **GABRIEL ARIAS,** hereby demands a trial by jury on all the triable issues of this complaint., pursuant to Rule31:8-2(B) and Rule 4:35-1(A).

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1 I hereby certify that to the best of my knowledge. The above captioned matter is not the subject of any other pending action in any Court or of a pending arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated by the plaintiff. Other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.

## CERTIFICATION PURSUANT TOR. 1:38-7

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7.

Dated: January 13, 2025

LAW OFFICE OF HECTOR I. RODRIGUEZ

By:_____
HECTOR I. RODRIGUEZ, ESQ.

# Exhibit "C"

**Judiciary eCourts System ~ Civil Part**

Home    Help    Logout

**CASE JACKET** |

User:THOMAS FINNEGAN

## Docket Number:  MID L 000179 - 25

Back

Create Summary Report

Case Caption: Antonio Ortiz-Flores Marco Vs Construction Appli

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Middlesex | **Case Initiation Date:** 01/10/2025 |
| **Case Type:** Personal Injury | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 2 | **Judge:** Bina K Desai | **Team:** 4 |
| **# of Discovery Days:** 300 | **Age of Case:** 00 YR 01 MO | **Consolidated Case:** N |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs (1)**    Defendants (4)    ACMS Documents (2)    Fees (2)

Marco Antonio Ortiz-Flores    (Party No. 1)

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 01/10/2025 | 🔗 ✉ | Complaint with Jury Demand for MID-L-000179-25 submitted by RODRIGUEZ, HECTOR I, HECTOR RODRIGUEZ on behalf of MARCO ANTONIO ORTIZ-FLORES against CONSTRUCTION APPLICATORS PHILA, L & W SUPPLY, JOHN AND JANE DOE 1-10, ABC CORPORATIONS 1-10 | LCV202576202 | 01/10/2025 |
| 01/11/2025 | 🔗 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV202581271 | 01/11/2025 |
| 01/13/2025 | ✉ | CLERK NOTICE: re: Complaint [LCV202576202] -The attached Complaint lists middle name of DF CONSTRUCTION APPLICATORS PHILA in eCourts. However, on the complaint document the full middle name of the DF is listed. In the future, please use the "alternate type-full spell" option in eCourts. | LCV202584055 | 01/13/2025 |
| 01/13/2025 | 🔗 ✉ | AMENDED COMPLAINT submitted by RODRIGUEZ, HECTOR, I of HECTOR RODRIGUEZ on behalf of MARCO ANTONIO ORTIZ-FLORES against CONSTRUCTION APPLICATORS PHILA, L & W SUPPLY, JOHN AND JANE DOE 1-10, ABC CORPORATIONS 1-10 | LCV202592083 | 01/13/2025 |

Showing 1 to 4 of 4 entries

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JANUARY 10, 2025
                        RE:     ANTONIO ORTIZ-FLORES MARCO   VS CONSTRUCTION APPLI
                        DOCKET: MID L -000179 25

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON BINA K. DESAI

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                            ATT: HECTOR I. RODRIGUEZ
                            HECTOR RODRIGUEZ
                            353 LIVINGSTON AVENUE
                            NEW BRUNSWICK    NJ 08901

ECOURTS

# Exhibit "D"

Entity# : 3855778
Date Filed : 01/16/2018
Robert Torres
Acting Secretary of the Commonwealth

## PENNSYLVANIA DEPARTMENT OF STATE
## BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS

(Return document by mail to:

**PENNCORP**   *62516*
**SERVICEGROUP**
**COUNTER PICK-UP**

☑ Return document by email to: penncorp@penncorp.net

Certificate of Dissolution
Domestic Limited Liability Company
DSCB:15-8975 (rev. 7/1/2015)

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

TCO180116JF0358

Read all instructions prior to completing. This form may be s

Fee: $70

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. § 8975 (relating to Certificate of dissolution), the undersigned limited liability company, desiring to dissolve, hereby states that:

1. The name of the limited liability company is: Construction Applicators Philadelphia, LLC

2. Check one of the following:

   ☑ All debts, obligations and liabilities of the limited liability company have been paid or discharged.

   ☐ Adequate provision has been made for the payment and discharge of the debts, obligations and liabilities of the limited liability company.

   ☐ Assets of the limited liability company are not sufficient to discharge its liabilities, and all the assets of the limited liability company have been fairly and equitably applied, as far as they will go, to the payment of such liabilities.

3. All remaining property and assets of the limited liability company, if any, have been distributed among its members in accordance with their respective rights and interests.

4. Check one of the following:

   ☑ There are no actions or proceedings pending against the limited liability company in any court.

   ☐ Adequate provision has been made for the satisfaction of any judgment or decree that may be obtained against the limited liability company in each action or proceeding pending against the limited liability company.

IN TESTIMONY WHEREOF, the undersigned limited liability company has caused this Certificate of Dissolution to be signed by a duly authorized representative thereof this **20th** day of December , 20 17 .

Construction Applicators Philadelphia, LLC
Name of Limited Liability Company

Signature

Member
Title

2018 JAN 16 AM 9: 24
PA DEPT OF STATE



**pennsylvania**
DEPARTMENT OF LABOR & INDUSTRY
OFFICE OF UNEMPLOYMENT COMPENSATION TAX SERVICES

CONSTRUCTION APPLICATORS PHILADELPHIA, LLC                February 24, 2017
C/O DAVID SANDERS
3000 K STREET N.W., SUITE 600
WASHINGTON DC 20007

# CLEARANCE CERTIFICATE

IN THE MATTER OF:
CONSTRUCTION APPLICATORS PHILADELPHIA, LLC
(Limited Liability Company)
264118872

I HEREBY CERTIFY that the above-named corporation has filed with this department all reports required to be filed by it, pursuant to the provisions of the Pennsylvania Unemployment Compensation Law and Regulations promulgated thereunder; and has fully paid all contributions, interest and penalty thereon known to be due to the PENNSYLVANIA UNEMPLOYMENT COMPENSATION FUND.

Director
Office of Unemployment Compensation Tax Services

Office of UC Tax Services
651 Boas Street | Harrisburg, PA 17121-0750 | www.dli.pa.gov
Auxiliary aids and services are available upon request to individuals with disabilities.
Equal Opportunity Employer/Program

UC-62 REV 08-16 (page 1)

REV-1834 (9/17)



# Commonwealth of Pennsylvania
# Department of Revenue

## DISSOLUTION

## Clearance Certificate

Company Name **CONSTRUCTION APPLICATORS PHILADELPHIA LLC**

*I certify that the above named company, through this Department, has paid into the State Treasury all taxes and charges owed the Commonwealth of Pennsylvania as required by law to and including*   December 31, 2015.

Witness my hand and seal of Office, on this date.

January 03, 2018

By _____
Sean Washington, Director
Bureau of Compliance

*(Note: This Certificate issued in compliance with Section 103 of Act 177, approved December 21, 1988, is for submission to the Department of State. Its applicability is limited specifically to its purposes as set forth in that Act and is conditioned upon the requirements that, in the event of a change in Federal income for a year for which taxes have been paid, this corporation or its successors or its officers or its directors shall file with the PA Department of Revenue a report of change and pay any additional state tax resulting therefrom. Section 406 (e) of the Tax Reform Code of 1971.)*